918 F.2d 180
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Veronica BARNEY, Defendant-Appellant.
 No. 88-2887.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 27, 1990.*
Decided Oct. 19, 1990.
 
 Before CUDAHY, POSNER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Veronica Barney, defendant-appellant, was found guilty after a bench trial of three counts of mail fraud under 18 U.S.C. Sec. 1341 and six counts of embezzlement and theft under 18 U.S.C. Sec. 641. Ms. Barney appeals, alleging that the government did not present sufficient evidence of an intent to defraud. We affirm.
 
 
 2
 From 1977 through 1988, Veronica Barney worked for the Federal Railroad Administration (FRA). The FRA provided free parking through a validation system with Allright Parking for certain of its employees, specifically, for its inspectors and specialists who worked in the field and used either General Services Administration rental cars or their personal cars for government business. The FRA's parking policy was not in writing. When an employee would park with Allright, the employee would pay the parking fee and have the receipt validated at the FRA office, and Allright would refund the employee the parking fee. Allright would then bill the FRA monthly.
 
 
 3
 As part of her job as an administrative assistant, Ms. Barney was responsible for various clerical and administrative functions such as handling the travel budgets of the inspectors and specialists, managing funds for supplies and equipment and for keeping abreast of the administrative policies of the FRA. Ms. Barney also handled the parking contract with Allright, reviewing parking receipts submitted by the FRA employees, making payment arrangements and forwarding the necessary papers to the Washington, D.C. office.
 
 
 4
 In early March of 1987, Jacob Sharp, Ms. Barney's supervisor, discovered numerous parking receipts which had his name on them, but which he had not signed. Mr. Sharp recognized the handwriting to be Ms. Barney's. Mr. Sharp confronted Ms. Barney and stated that it appeared that Ms. Barney was signing his name and the name of an inspector, Henry Azzi, to the receipts and parking at Allright at the government's expense. Although Ms. Barney initially explained that she had signed the receipts for inspectors who had forgotten to do so, she later admitted that she had forged the signatures so that she could park free.
 
 
 5
 In April of 1987, two special agents from the United States Department of Transportation interviewed Ms. Barney. After the agents showed Ms. Barney approximately 380 parking receipts which had her license plate number on them, she explained that she had signed Mr. Azzi's name because he was entitled to park there, but did not use the privilege. She also told them that had she realized that the parking attendant was recording her license plate number on the receipt, she would not have charged the government for her parking.
 
 
 6
 Ms. Barney was indicted on charges of mail fraud and embezzlement and theft. At trial, defense counsel argued that the FRA's parking policy was poorly defined, noting that it had not been reduced to writing. Consequently, counsel argued that Ms. Barney could not have formed the requisite intent to defraud, but was merely availing herself of the loosely defined parking policy. Defense counsel called William Perry, an inspector for the FRA, who testified that he was not given any instructions concerning who was authorized to park at Allright. Ms. Barney did not testify.
 
 
 7
 The district court found Ms. Barney guilty on all nine counts. The court explained that the defense's theory that the FRA's parking policy was so loosely administered that Ms. Barney's actions indicated at most a misunderstanding of the policy and not an intent to defraud could not stand up given Ms. Barney's position and responsibilities at the FRA. We agree. Ms. Barney was clearly not in the class of persons who would be entitled to use the parking privileges. More importantly, Ms. Barney had the responsibility of processing the parking receipts and payments and of keeping abreast of the FRA's administrative policies which put her in a unique position to know the policy, written or not. In addition, the evidence showed that Ms. Barney forged the names of employees who were in the class of persons who would be entitled to park at Allright to conceal her use of the parking. Ms. Barney's actions and admissions provide sufficient evidence that she acted with an intent to defraud and was not merely taking advantage of a loosely defined policy. Ms. Barney has not met her heavy burden of proving that the trial record contains no evidence from which a rational trier of fact could find the essential element of intent to defraud beyond a reasonable doubt. See United States v. Dugan, 902 F.2d 585, 591 (7th Cir.1990). Accordingly, the judgment of the district court is AFFIRMED.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs